IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIGITTE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1123-FB |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on August 27, 2026 (ECF No. 27), concerning Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) and the recommendation that the motion should be granted in part as to Plaintiff's Texas Deceptive Trade Practices Act (DTPA) claim, but denied in part as to her claims under the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Fair Debt Collection Practices Act (FDCPA). According to the CM/ECF system, the Report and Recommendation was sent by electronic transmission to all parties on August 27, 2026. To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) shall be GRANTED IN PART as to Plaintiff's Texas DTPA claim but DENIED IN PART as to Plaintiff's claims under RESPA, TILA, and the FDCPA.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on August 27, 2026 (ECF No. 27), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) is GRANTED IN PART as to Plaintiff's Texas DTPA claim and DENIED IN PART as to Plaintiff's claims under RESPA, TILA, and the FDCPA.

It is so ORDERED.

SIGNED this 18th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE